UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff**,**<br>v.<br>**MILTON ELLIOT MOSS,**<br>Defendant**.** | CASE NO. 13-cr-00211-YGR-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE**<br><br>Re: Dkt. No. 68 |

Before the Court is defendant Milton Elliot Moss's motion for early termination of his supervised release. (Dkt. No. 68.) Moss argues principally that the Court should terminate his term of supervised release because he has performed positively on supervised release to date.[1] The government has opposed the motion, arguing that given the seriousness of Moss's offense, the lack of changed circumstances, and Moss's lengthy criminal record, the Court should exercise its discretion by continuing Moss's existing term of supervision. (Dkt. No. 69.)

Having considered the relevant factors set forth in 18 U.S.C. section 3553(a), the Court finds that Moss has failed to carry his burden to demonstrate that early termination of supervised release is warranted. Namely, he has not demonstrated changed circumstances that would render the term of supervised release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). *See United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000). While it is undisputed that Moss has complied with the terms and conditions of his supervised release to date, this alone is insufficient to justify early termination. Compliance is expected of a defendant on supervised release, and it does not in and of itself constitute an

---

[1] Moss also states that his term of supervised release is precluding him from expunging his record of criminal convictions in the State of California and from securing better employment opportunities.

adequate basis to terminate supervised release early. *See United States v. Bauer*, CR 09-980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012) ("[C]ompliance with release conditions, resumption of employment and engagement of family life [] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate."); *United States v. Grossi*, CR 04-40127 DLJ, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18. 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

Accordingly, Moss's motion is **DENIED**.

This Order terminates Docket Number 68.

**IT IS SO ORDERED.**

Dated: February 6, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**